1

Judge Lasnik

2

3

4

5

6

UNITED STATES DISTRICT COURT FOR THE
7
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9

10    UNITED STATES OF AMERICA,                    NO. CR19-042-RSL

11                        Plaintiff,               [Proposed]

12                  v.                             **PRELIMINARY**
13    MATTHEW JASON GRIFFIN,                        **ORDER OF FORFEITURE**

14                        Defendant.

15

16

17        THIS MATTER comes before the Court on the United States of America's Motion

18    for Entry of a Preliminary Order of Forfeiture seeking to forfeit, to the United States,

19    Defendant Matthew Jason Griffin's interest in the following property:

20        1.   One Sig Sauer, Model P320 Subcompact, 9 mm Parabellum caliber pistol,

21             bearing serial number 58A017288;

22        2.   One Benelli, Model Nova, 12 gauge shotgun bearing serial number Z244778;

23        3.   One Remington, Model 870, 12 gauge shotgun bearing serial number

24             AB745352M;

25        4.   One Remington Arms Co., Inc. Model 870 shotgun bearing serial number

26             B847763M;

27        5.   One Remington, Model 870 Wingmaster Magnum, 20 gauge shotgun bearing

28             serial number S976013N;

Preliminary Order of Forfeiture, CR19-042-RSL - 1

6. One Savage Arms, Springfield Model 944, 20 gauge shotgun bearing serial number P410683;

7. One Colt, Government Model MKIV/Series 70, 9mm Luger caliber pistol bearing serial number 70L26563;

8. One Kahr Arms, Model CW40, .40 S&W caliber pistol bearing serial number FD6052; and

9. Any associated ammunition.

The Court, having reviewed the record, FINDS:

The above-identified property is forfeitable pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) as firearms and ammunition used or intended to be used in the Defendant's commission of the crimes of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), to which the Defendant has pled guilty. Dkt. Nos. 28, 35; and,

In his Plea Agreement, the Defendant agreed to forfeit his interest in any firearms, ammunition, or accessories used or intended to be used in such offenses, including the above-identified firearms and ammunition, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Dkt. No. 35, ¶ 6.

THEREFORE, THE COURT ORDERS:

1)     Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. 2461(c), the Defendant's interest in the above-identified property is fully and finally forfeited to the United States;

2)     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will become final as to the Defendant at the time the Defendant is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3)     The United States Department of Justice, and/or its authorized agents or representatives, shall maintain the above-identified property in its custody and control until further order of this Court;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4)      Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and the United States' intent to dispose of the property as permitted by governing law.  The notice shall be posted on an official government website—www.forfeiture.gov—for at least thirty (30) days.  For any person known to have alleged an interest in the property, the United States shall also, to the extent possible, provide direct written notice to that person.  The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the above-identified property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier.  The notice shall advise all interested persons that the petition:

    a.  shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b.  shall be signed by the petitioner under penalty of perjury; and

    c.  shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought;

5)      If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6)      If a third-party petition is filed, if necessary, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing is conducted on the petition.  Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

7)      The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of

\\\

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to

2  Fed. R. Crim. P. 32.2(e).

3

4  DATED this __5th__ day of __December__ , 2019.

5

6

7

8  THE HONORABLE ROBERT S. LASNIK

9  UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15  Presented by:

16

17  _s/Matthew H. Thomas_

18  MATTHEW H. THOMAS
    Assistant United States Attorney

19  United States Attorney's Office
    1201 Pacific Avenue, Suite 700

20  Tacoma, WA 98402-4383

21  Telephone: (253) 428-3800
    Fax:        (253) 428-3826

22  E-mail: Matthew.H.Thomas@usdoj.gov

23

24

25

26

27

28

Preliminary Order of Forfeiture, CR19-042-RSL - 4