UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW JASON GRIFFIN,<br><br>Defendant. | Case No. CR19-42-RSL<br><br>ORDER DENYING MOTION<br>FOR SENTENCE<br>REDUCTION |

This matter comes before the Court on defendant's *pro se* motion seeking a reduction in sentence and appointment of counsel. Dkt. 54. Having considered the motion, the Government's responses (Dkt. 56), and the record contained herein, the Court DENIES the motion for the reasons explained below.

**I.    Background**

On Sept. 16, 2019, defendant pled guilty to three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); one count of possession of controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and (C); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Dkt. 28 and Dkt. 33. On December 6, 2019, this Court

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 1

sentenced defendant to a prison term of 144 months plus four years of supervised release. Dkt. 47. Defendant is presently 49 years old and incarcerated at McKean FCI, a medium security federal correctional institution in Pennsylvania. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited May 20, 2026). Defendant's projected release date is Oct. 24, 2029. *Id*.

On Jan. 23, 2026, defendant filed a *pro se* motion seeking a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. Dkt. 54. *See also Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (documents filed *pro se* are to be liberally construed and held to less stringent standards than those drafted by lawyers). Defendant also sought appointment of counsel. *Id*. The Federal Defender's office reviewed defendant's *pro se* motion and did not seek appointment. Dkt. 56 at 6–7.

**II.      Discussion**

**A. Defendant's Motion to Reduce His Sentence Under 18 U.S.C. § 3582(c)(2)**

Defendant asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 54. However, "[a] federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Here, defendant seeks modification of his prison term under a Congressionally enacted exception to that rule:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 2

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In November 2023, an amendment to the United States Sentencing Guidelines took effect that reduced the number of "status" points certain defendants are given when calculating their Total Offense Level. U.S.S.G. § 4A1.1(e); Dkt. 54. However, no status points were given to defendant when calculating his Total Offense Level. Dkt. 42 at ¶¶ 16–64; Dkt. 56 at 1–3. Therefore, "status" points are not at issue in defendant's case.

Where, as here, no relevant November 2023 amendment to the U.S.S.G. has the effect of lowering the defendant's applicable Guidelines range, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2). *See* USSG § 1B1.10(a)(2); *see also Dillon*, 560 U.S. at 821 (2010). Even if a reduction were authorized in this matter, it could not be granted because this Court sentenced defendant to "a term that is less than the minimum of the amended guideline range." *See* USSG § 1B1.10(b)(2). Specifically, this Court sentenced defendant to 144 months when the applicable sentencing range was 168 to 195 months. *Compare* Dkt. 43 at 1, *with* Dkt. 47. *See also* Dkt. 56 at 3:9–15. Therefore, this Court is not able to grant defendant the relief he is seeking under 18 U.S.C. § 3582(c)(2).[1]

---

[1] Defendant suggests that if five of his Washington State drug possession convictions were to be vacated pursuant to *State v. Blake*, 197 Wn.2d 170 (2021), that would "bring my points down" and thus reduce the length of his sentence. Dkt. 54. But defendant did not receive any points for his state drug possession convictions when his applicable sentencing range was calculated. Dkt. 42 at ¶¶ 51–64. "Put differently, even if all of Griffin's controlled substances convictions were erased, his federal criminal history score and resulting applicable sentencing range in this case would remain the same." Dkt. 56 at 7:25–8:2. Thus, this Court will not consider defendant's *Blake* argument for the purposes of defendant's

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 3

**B.  Appointment of Counsel**

Defendant asks this Court to appoint counsel for him. Dkt. 54. The Federal Defender's Office reviewed defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and decided not to seek appointment. Dkt. 56 at 6–7. The Court declines to order appointment of counsel at this time.

**III.    Conclusion**

For all the foregoing reasons, defendant's *pro se* motion to reduce his sentence (Dkt. 54) is DENIED, as is defendant's request for appointment of counsel.

IT IS SO ORDERED.

DATED this 21st day of May, 2026.

Robert S. Lasnik
United States District Judge

---

present motion to reduce sentence. If defendant wishes to pursue vacatur of his Washington State drug possession convictions under *Blake*, he may do so by separate motion.

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 4